357 F.2d 230
 UNITED GAS PIPE LINE COMPANY, Petitioner,
v.
FEDERAL POWER COMMISSION, Respondent (two cases).
NATURAL GAS PIPE LINE COMPANY OF AMERICA, Petitioner,
v.
FEDERAL POWER COMMISSION, Respondent.
TEXAS EASTERN TRANSMISSION CORPORATION, Petitioner,
v.
FEDERAL POWER COMMISSION, Respondent.
 No. 21872.
 No. 21958.
 No. 22031.
 No. 22041.
 United States Court of Appeals Fifth Circuit.
 February 10, 1966.
 
 Thomas Fletcher, Houston, Tex., Thomas F. Brosnan, Washington, D. C. (intervenor), Leslie J. Flower, K. W. Kolbe, Jr., New York City, W. O. Crain, Gen. Counsel, Shreveport, La., for petitioner, United Gas Pipe Line Co.
 Richard A. Solomon, Gen. Counsel, Howard E. Wahrenbrock, Sol., F. P. C., Peter H. Schiff, Arnold D. Berkeley, Attys., F. P. C., Washington, D. C., Abraham R. Spalter, Asst. Gen. Counsel, Leonard E. Poryles, Washington, D. C., Robert W. Maris, Philadelphia, Pa. (intervenor), for Federal Power Commission.
 Christopher T. Boland and George J. Meiburger, Gallagher, Connor & Boland, Washington, D. C., for Texas Gas Transmission Corp., intervenor, Robert O. Koch, Vice President and Gen. Counsel, William E. Feldhaus, Owensboro, Ky., of counsel.
 Jack D. Head, Houston, Tex., Keith M. Pyburn, Washington, D. C., David T. Searls, Joseph F. Weiler, Houston, Tex., for petitioner, Texas Eastern Transmission Corp.
 William W. Brackett, Charles C. McDugald, Steven L. Larsen, Ross, Hardies, O'Keefe, Babcock, McDugald & Parsons, Chicago, Ill., for petitioner, Natural Gas Pipeline Co. of America.
 George E. Morrow, Memphis, Tenn., Reuben Goldberg, George Spiegel, Goldberg & Spiegel, Washington, D. C., for Memphis Light, Gas and Water Division, intervenor.
 Before JONES, WISDOM and GEWIN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Before the Court for its consideration are four petitions for review of orders of the Federal Power Commission which present the same rather narrow but difficult question for determination. The Petitioner United Gas Pipe Line Company is a natural gas transmission company. It is a member of an affiliated group which files consolidated Federal income tax returns, and its income is included in the consolidated returns. If United had not joined in the filing of consolidated returns, but had filed returns only reporting its income for tax computations, its net taxable income would have been fixed at a 52% rate. Because another of the affiliated companies, which is not subject to Federal Power Commission jurisdiction, sustained losses, the tax rate for the consolidated group is less than 52%.[1] United claimed that in fixing its rates, the Commission should allow as a part of cost of service the amount of income tax which it would have paid if it had filed a separate income tax return. The Commission disagreed. It allocated the tax differential between the 52% rate and the rate paid on the consolidated return, and allowed what it called an effective tax rate. The reasoning and conclusions of the Commission in Re Cities Service Gas Co., 30 F.P.C. 158, 49 P.U.R.3d 229, were followed by the Commission. The Commission, with two of the Commissioners dissenting, rejected the contention of United. Re United Gas Pipe Line Company, F.P.C., 54 P.U. R.3d 285.[2] United has petitioned for a review of the Commission's order. Texas Gas Transmission Corporation and Texas Eastern Transmission Corporation, who are customers of United and intervenors in the proceeding before the Commission, have also petitioned for review, aligning themselves with United.[3]
 
 
 2
 The Court of Appeals for the Tenth Circuit vacated the Commission's order in the Cities Service case. Cities Service Gas Co. v. Federal Power Commission, 10th Cir. 1964, 337 F.2d 97. United would have us follow the Tenth Circuit's Cities Service decision. The Commission says that the Cities Service case is to be distinguished because of fact differences. It urges that the Tenth Circuit decision is wrong and should not be followed. We do not think there are any such fact differences between Cities Service and this case as call for the application of any different rule of decision. The Court in the Tenth Circuit case held that the tax allocation as made by the Commission's order was contrary to the requirements which Congress had imposed. We think the Tenth Circuit case is correct and that the principles which are announced in its opinion are here applicable and controlling. The Commission's order, using an incorrect income tax rate in computing cost of service for the fixing of United's gas rates is erroneous and must be
 
 
 3
 Vacated and set aside.
 
 
 
 Notes:
 
 
 [1]
 The 52% corporate tax rate referred to here and elsewhere is not strictly accurate as the first $25,000 of corporate income is taxed at a 22% rate
 
 
 [2]
 Subsequent rulings of the Commission, F.P.C., 55 P.U.R. 3d 483, F.P.C., 55 P.U.R. 3d 499, on rehearings do not affect its ruling on the issue before the Court
 
 
 [3]
 The Commission has suggested that these intervenors are not aggrieved by the order and hence have no standing to seek a review of the order. The Court's disposition of the cause makes unnecessary a determination of this question